UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHNNY NATAL,

                                                                    **Civil Action No.: 20-3499**

                                Plaintiff,

                                                          **COMPLAINT AND JURY**
                v.                                                     **DEMAND**


SCI FUNERAL SERVICES OF NEW YORK, INC.,


                                Defendant.

------------------------------------------------------------------X

    Plaintiff Johnny Natal ("Plaintiff") upon personal knowledge and information and belief, through his lawyers Imbesi Law P.C, alleges as follows:

### I.    NATURE OF THE ACTION

    1.    Plaintiff, a former employee of Defendant SCI Funeral Services of New York, Inc., ("SCI"), brings this action seeking damages and other appropriate relief for his claims of unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, §§ 290 *et seq.* ("State HRL"), the New York City Human Rights Law, New York City Administrative Code §§ 8-101 *et seq.* ("City HRL") and the Americans with Disabilities Act, 42 U.S.C § 12101, *et seq.* ("ADA").

### II.    JURISDICTION AND VENUE

    2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action involves federal questions.

3. This Court has supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as the events and conduct giving rise to the claims occurred in this District.

### III.   PARTIES

5. Plaintiff is a resident of Queens, New York. Plaintiff identifies as a gay male and has been diagnosed with human immunodeficiency virus ("HIV").

6. Plaintiff is an "employee" as defined in the applicable federal, New York State and New York City statutory provisions.

7. Defendant is a domestic company authorized to conduct business in the State of New York. Defendant's principal place of business where Plaintiff was an employee is located at 180 West 76th Street, New York, New York 10023.

8. Defendant is an "employer" as defined in the applicable federal, New York State and New York City statutory provisions.

### IV.   FACTUAL ALLEGATIONS

**A. Background**

9. On October 1, 2018, Plaintiff began working as a receptionist and funeral assistant at SCI.

10. Plaintiff worked for an average of forty (40) hours per week during his employment.

11. On or about November 2018, Mr. Natal's supervisor Monica Tillot ("Ms. Tillot) approached Plaintiff regarding alleged absences from work.

12.     Ms. Tillot told Plaintiff that if his absences were due to any medical reasons then he must inform her immediately.

13.     Plaintiff was hesitant to confide in Ms. Tillot about the reasons he was taking days off from work and his medical history.

14.     Upon information and belief in December 2018, Mr. Natal was once again approached by Ms. Tillot who inquired about if he had a medical condition that he wished to disclose.

15.     Ms. Tillot told Plaintiff that he must tell her about any of his medical conditions if he wanted to continue working at Riverside.

**B. Discrimination Based on Gender, Sexual Orientation, and HIV Status**

16.     On or about December 2018, Plaintiff eventually disclosed to Ms. Tillot that his absences were due to a change in his HIV medication and that he was seeking additional treatment for HIV.

17.     Ms. Tillot appeared to be upset by this information and her response was "oh okay" as she walked away from Plaintiff.

18.     After this conversation took place, Plaintiff spoke with Ms. Tillot about the possibility of being able to work extra hours.

19.     In the past, Ms. Tillot accommodated other employees who have sought out the chance to work additional hours.

20.     Ms. Tillot informed Plaintiff that she could not offer him any additional hours. She told Plaintiff that if he was missing days because of his disability then, **"it was not her problem since his HIV status was something his poor choices had given him."**

21. On or about January 2019, Plaintiff spoke with Ms. Tillot about working additional hours. Ms. Tillot informed Mr. Natal that, **"she would not have hired him if she knew he was 'sick with that disease'."**

22. The week of February 18, 2019 Ms. Tillot once again brought up Plaintiff's HIV status, while he was assisting maintenance with some tables. She informed him that, **"he had some nerve not disclosing his status to her and that she would not have hired him."**

23. Plaintiff was distraught because of the above-mentioned discriminatory encounters.

24. Plaintiff experienced dramatic weight loss from job related stress and anxiety. Due to the discrimination that Plaintiff experienced he was prescribed medication for his anxiety and to aid him sleep.

## C. Termination of Plaintiff's Employment

25. On or about June 24, 2019, Plaintiff's employment was terminated.

26. On the day of his termination, Plaintiff inquired if he could work an extra month in order to keep his health insurance. Ms. Tillot informed Plaintiff's that this was, "not Riverside's problem."

27. As Plaintiff exited Ms. Tillot's office she told him **"I finally got rid of you."**

28. Plaintiff was discriminated against on the basis of his gender and on the basis of his disability for having HIV.

## D. EEOC Complaint

29. On February 14, 2020, Plaintiff received a Notice of Right to Sue from the EEOC.

30. This Complaint is filed within ninety (90) days of receipt of the notice.

**COUNT I**

**VIOLATION OF TITLE VII, 42 U.S.C. §§ 2000e, *et seq.***

31.     Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

32.     Defendant, an employer within the meaning of Title VII, discriminated against Plaintiff by treating him differently from and less preferably than, similarly situated heterosexual and nondisabled employees.

33.     Defendant's policies, practices and procedures have led to a disparate impact on Plaintiff with respect to the terms and conditions of his employment.

34.     By the actions described above, Defendant has violated Title VII.

35.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

36.     Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

37.     Under 42 U.S.C. §§ 2000e-5(k), Plaintiff is also entitled to reasonable costs and attorneys' fees.

**COUNT II**
**VIOLATION OF THE STATE HRL**

38.     Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

39.     Defendant is "employer" as defined by the State HRL.

40.     Plaintiff is an "employee" as defined by the State HRL.

41. The aforementioned acts of Defendant constitute unlawful discrimination against Plaintiff, under the State HRL in violation of Article 15, § 290 *et. seq.* of the New York State Executive Laws and specifically § 296 thereof, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer…because of an individual's…sexual orientation…sex, disability . . . to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

42. Upon information and belief, adverse treatment and discriminatory treatment endured by Plaintiff was based upon his disability and sexual orientation rather than any non-discriminatory reason.

43. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

44. As a result of Defendant's violations of the foregoing statutory laws, it is liable to Plaintiff pursuant to State HRL § 297(9).

## COUNT III
## VIOLATION OF THE CITY HRL

45. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

46. Defendant is an "employer" as defined in the City HRL.

47. Plaintiff is an "employee" as defined by the City HRL.

48. The aforementioned acts of Defendant constitute unlawful discrimination against Plaintiff in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, § 8-107 under the City HRL, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived . . . gender, disability . . . sexual

orientation . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

49. As set forth above, Defendant, by its conduct, discriminated against Plaintiff and forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions and privileges of his employment on the basis of his sexual orientation and disability.

50. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

51. As a result of Defendants' violations of the foregoing statutory laws, it is liable to Plaintiff pursuant to the City HRL § 8-502 for damages and such other remedies as may be deemed just and appropriate.

## COUNT IV
## VIOLATION OF THE AMERICANS WITH DISABILITY ACT

52. Plaintiff hereby repeats and alleges all allegations as if fully set forth herein.

53. Under the ADA, an employer is prohibited from discriminating against an individual who is qualified with a disability pertaining to the advancement or discharge of an employee.

54. Under 42 U.S.C. § 12102 a disability is defined as "a physical or mental impairment that substantially limits a major life activity or has a record of such impairment or is regarded as having such an impairment."

55. Plaintiff is an individual with a disability (HIV) as defined by the ADA.

56. Under 42 U.S.C. § 12102(2)(A), a "major life activity" is defined to include, but is not limited to, "learning, reading, concentrating, [and] thinking."

57. Plaintiff's disability substantially limits one or more of his major life activities.

7

58. Discrimination under the ADA has been held to include an employer taking an adverse action against an employee who has a disability.

59. Defendant discriminated against Plaintiff by failing to provide a reasonable accommodation.

60. As a result of Defendant's actions, Plaintiff is entitled to recover damages, including reasonable attorney's fees and costs.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. Compensatory damages in an amount to be determined by a jury sufficient to compensate Plaintiff for all pain and suffering, humiliation, emotional distress, stress and mental anguish;

b. Economic damages in the form of back pay and compensation for lost benefits, plus pre-judgment interest;

c. Damages in the form of front pay or reinstatement, plus pre-judgment interest;

d. An award of punitive damages sufficient to deter Defendant from engaging in future unlawful conduct;

e. Reasonable costs and attorney's fees; and

f. Any such further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demand a trial by jury on all issues so triable as of right by jury.


Dated: New York, New York
     May 5, 2020

Respectfully submitted,

By: *Seth Asher Nader*
Seth Asher Nadler, Esq.
Imbesi Law PC
1501 Broadway, Suite 1915
New York, New York 10036

8

Tel: (646) 767-2270  
Fax: (212) 658-9177  
Email: seth@lawicm.com